DAVID B. LILLY COMPANY, INC., and Delaware Fastener Corporation

v.

The RENEGOTIATION BOARD, Appellant.

No. 74–1873.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 5, 1975.

Decided Oct. 20, 1975.

David M. Cohen, Atty., Dept. of Justice, with whom Carla A. Hills, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, was on the brief, for appellant.

Burton A. Schwalb, Washington, D. C., with whom Michael Evan Jaffe and Mary Candace Fowler, Washington, D. C., were on the brief for appellees.

Before TAMM, ROBINSON and MacKINNON, Circuit Judges.

MacKINNON, Circuit Judge:

The Renegotiation Board appeals from a September 3, 1974 decision of the District Court (App. 79–81) directing disclosure to appellee (Lilly) of four Renegotiation Board documents under the Freedom of Information Act, 5 U.S.C. § 552. While this appeal was pending the Su-

preme Court on April 28, 1975 decided *Renegotiation Board v. Grumman Aircraft Engineering Corp.,* —— U.S. ——, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975) which controls some of the issues in this case.

■ The first document is a letter of May 8, 1970 from the Eastern Regional Counsel of the Renegotiation Board to the General Counsel for the Renegotiation Board. This letter is referred to in a second document which is correctly characterized as a policy statement. It was dated May 20, 1970 and was sent by Herbert G. Hart, Chairman, Eastern Regional Renegotiation Board, to Ross M. Girard, Director, Office of Accounting. The District Court ruled that the status of these two documents was controlled by 5 U.S.C. § 552(a)(2), which provides for the disclosure on request of

> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register . . . .

and held that the Board had not sustained its burden of demonstrating that the memorandum of May 20, 1970 is not a policy statement. We affirm the action of the District Court with respect to these two documents.

■ The two remaining documents are both designated "Part II of Report of Renegotiation" of parties that fall within a Class A situation.[1] These are *tentative* determinations of renegotiation prepared by the renegotiator and approved by the Eastern Regional Renegotiation Board. The District Court held that these two documents were disclosable under that provision of the Freedom of Information Act which makes available any *"final opinions* . . . made in the adjudication of cases." 5 U.S.C. § 552(a)(2)(A) (emphasis added). The Supreme Court, however, in *Renegotiation Board v.*

*Grumman Aircraft Engineering Corp., supra,* held that such reports in a Class A situation are *not* final opinions. In so ruling the opinion relied upon the procedural status of such renegotiation determinations under 32 C.F.R. § 1475.3(a) (Jan. 1, 1966, and unchanged in the Jan. 1, 1967 revision applicable to this case), which provides:

> When a Regional Board determines in a Class A case that the contractor has realized excessive profits and the contractor is unwilling to enter an agreement for the refund of the amount so determined to be excessive profits, the Regional Board will notify the Board of such determination and submit a report of the case to the Board. The Board will thereafter cause the case to be reassigned to the Board for further proceedings, unless the Board is of the opinion that further meetings between the Regional Board and the contractor might result in an agreement between them. . .

Under this regulation the case is still subject to "further proceedings" by the Board and thus, as *Grumman* holds, the Regional determinations are not "final opinions . . . of [the] cases." Accordingly, the two documents here in question are exempt under 5 U.S.C. § 552(b)(5) which provides:

> (b) This section does not apply to matters that are—
>
> \* \* \* \* \* \*
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

Thus, neither of these Part II reports are disclosable. We accordingly remand

---

1. In defining a Class A case, 32 C.F.R. § 1471.-2(b) (Jan. 1, 1966, and unchanged in the Jan. 1, 1967 revision applicable to this case) provides:

> Generally, a Class A case will be one in which the contractor reports on the Standard Form of Contractor's Report that it has

derived from subject contracts, profits of more than $300,000 and a Class B case will be one in which the contractor reports on the Standard Form of Contractor's Report that it has derived from subject contracts profits of $800,000 or less. . . . .

the case to the District Court for further proceedings in accordance with this opinion and the decision in *Renegotiation Board v. Grumman Aircraft Engineering Corp., supra,* and, to meet a scheduled Renegotiation hearing, direct that the mandate issue immediately.

*Judgment accordingly.*